W. B. HANCE ET AL. V. EMANUEL ANTONE.

(No. 1050, Op. Book No. 2, p. 465.)

APPEAL from Galveston County. Opinion by WINK-
LER, J.

§ 800. *Sale, etc., of vessel, must be registered, etc.;
married woman bound for seaman's wages when vessel is
her separate property.* Mrs. Emma Hance at one time
owned the schooner "Emma." The vessel was regis-
tered in her name as the sole owner thereof. Appellee
performed services on the vessel as a seaman, and this
suit was to recover for his services. Appellants' defense
was that the vessel did not belong to them at the time the
services of appellee were rendered; that prior to that time
Emma Hance had sold the vessel. Judgment was ren-
dered for appellee for the amount of his claim against
appellants, one of whom is Mrs. Emma Hance. *Held,*
there can be no question that Galveston was the home
port of the vessel. It is provided by law that "no bill of
sale, mortgage, hypothecation or conveyance of any ves-
sel or part of a vessel of the United States shall be valid
against any person other than the grantor or mortgagor,.
his heirs and devisees, and persons having *actual notice
thereof,* unless such bill of sale, etc., is recorded in the
office of the collector of customs where such vessel is
registered or enrolled." [R. S. U. S. § 4192; 3 Woods,
582.] There being no testimony tending to show that
the appellee had any notice whatever of the alleged sale
of the vessel by appellants, and it not appearing that
there was constructive notice by registration, as required
by law, such sale, if made, did not impair the right of
appellee to recover against the separate property of Mrs.
Hance.

March 23, 1881. Affirmed.